IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL UMSCHEID,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT HOTEL SERVICES, INC., ET AL.,<br><br>Defendants. | CIVIL NO. 18-00414 LEK-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA WAILEA BEACH MARRIOTT RESORT & SPA'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND THE JOINDERS THERETO |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA WAILEA BEACH MARRIOTT RESORT & SPA'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND THE JOINDERS THERETO

Before the Court is Defendant Marriott Hotel Services, Inc., dba Wailea Beach Marriott Resort & Spa's (Marriott) Petition for Determination of Good Faith Settlement, filed on September 17, 2020 (Petition). See ECF No. 106. Plaintiff filed a Joinder in the Petition on September 22, 2020. See ECF No. 110. Defendant Hilltop filed a Joinder in the Petition on September 22, 2020. See ECF No. 111. Defendant Group 70 filed a Joinder in the Petition on September 23, 2020. See ECF No. 112. The Petition and Joinders seek approval of the confidential settlement between Plaintiff and Defendant Marriott, Defendant Hilltop Contractors LLC (Hilltop), and Defendant Group 70 International, Inc.

(Group 70), pursuant to Hawaii Revised Statutes, Section 663-15.5. See id. Because no objections to the Petition were filed, the Court VACATES the hearing set for October 30, 2020, and finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.[1]

## BACKGROUND

In this action, Plaintiff alleges that he slipped and fell going down the stairs at the pool area at the Wailea Beach Resort. See ECF No. 1-1. According to the Petition, Defendant Group 70 served as a design contractor and architect and Defendant Hilltop served as a construction subcontractor on the pool renovations at the Wailea Beach Resort. See ECF No. 106-1 at 3. According to the Petition, at a private mediation on August 4, 2020, Plaintiff agreed to settle all claims against Defendants, and Defendants agreed to settle all claims amongst each other, arising out of the subject incident and instant lawsuit. See id. at 5. The parties entered into a Joint Tortfeasor Release and Indemnification Agreement. See ECF No. 114.

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

In the Petition and Joinders, the parties seek a determination of good faith settlement pursuant to Hawaii Revised Statutes, Section 663-15.5. See ECF No. 170-1.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. See Haw. Rev. Stat. § 663–15.5(a) and (d). To determine whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
> (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or

motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. See id. (stating that the goal of the statute is to "prevent collusive settlements aimed at injuring non-settling tortfeasors' interests"). Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. See Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The Court has reviewed the factors set forth in Troyer v. Adams and the terms of the settlement and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

## CONCLUSION

Based on the Court's consideration of the Petition, the Joinders thereto, and the totality of the circumstances, the Court FINDS that the settlement

was in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS that Defendant Marriott Hotels Services, Inc., dba Wailea Beach Marriott Resort & Spa's (Marriott) Petition for Determination of Good Faith Settlement and the Joinders thereto be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 14, 2020.



Wes Reber Porter
United States Magistrate Judge

**UMSCHEID vs. MARRIOTT HOTEL SERVICES, INC., ET AL.; CIVIL NO. 18-00414 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA WAILEA BEACH MARRIOTT RESORT & SPA'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND THE JOINDERS THERETO**